UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAWN M. WALTHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:23-cv-67-SNLJ |
| | ) |
| BILL STANGE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion for leave to proceed *in forma pauperis*, ECF No. 2, motion for appointment of counsel, ECF No. 3, and motion for an evidentiary hearing, ECF No. 4. Upon review of the financial affidavit, the Court has determined that Petitioner is unable to pay the filing fee, and will permit him to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. For the following reasons, the remaining motions will be denied without prejudice.

There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). *See also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that a "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition, and failure to appoint one in the circumstances of this case was not an abuse of that discretion"). A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for

any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28"). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

After considering these factors, the Court finds that the appointment of counsel is not warranted at this time. The Court has reviewed the petition under 28 U.S.C. § 2254 for writ of habeas corpus, ECF No. 1, and does not believe that either the factual or legal issues are complex. Moreover, it appears that Petitioner can adequately articulate and present his claims to the Court. The Court therefore finds that neither the interests of justice nor due process requires the appointment of counsel. The Court will entertain future motions for appointment of counsel as the case progresses.

As for the motion for an evidentiary hearing, it will be denied as moot because the Court will address the need for an evidentiary hearing within its order addressing the merits of his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Moreover, the motion will be denied as premature because the Respondent has not yet had the opportunity to file a response to the petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that Petitioner's motion for an evidentiary hearing [ECF No. 4] is **DENIED** at this time.

Dated this 16th day of May, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE