UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAWN M. WALTHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00067-SNLJ |
| | ) |
| BILL STANGE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's Petition for Retrospective Psychiatric Examination (Doc. 24). Petitioner requests a retrospective psychiatric hearing to challenge the testimony offered at trial on whether he suffered from a mental disease or defect.

"28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). For a claim that has been "adjudicated on the merits in State court proceedings," there is an additional restriction under § 2254(d). *Id.* "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* "Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law." *Id.* "This backward-looking language requires an examination of the state-court decision at the time it was made." *Id.* "It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court." *Id.* As such, petitioner's request will be denied.

Petitioner also requests that the court appoint counsel for him. There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, the complexity of the legal arguments, and the ability of the *pro se* litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

This matter has been fully briefed and it appears that petitioner has adequately articulated and presented his claims. The Court finds that neither the interests of justice nor due process requires the appointment of counsel. After reviewing the relevant factors, the Court finds that the appointment of counsel is not warranted at this time.

**IT IS HEREBY ORDERED** that the Petition for Retrospective Psychiatric Examination (Doc. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the request for appointment of counsel (Doc. 24) is **DENIED**.

**SO ORDERED** on this 5th day of November, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE